## Freeman, Secretary of Banking, etc., v. Pietchke

*John H. Longaker*, for petitioner.
*Elmer L. Menges*, for respondent.

KNIGHT, P. J., September 21, 1943.—This matter is before us on petition and answer.

On July 13, 1943, a rule was granted upon William J. Pietchke to show cause why premises known as lots 760, 761, 762 Radcliffe Avenue, Abington Township, should not be released from the lien of a mortgage executed by William J. Pietchke and the debt on the bond accompanying said mortgage be kept alive and enforcible.

An answer has been filed by Mr. Pietchke, in which it is averred that his liability on the bond has been terminated and ended as a matter of law.

The facts are these:

On March 18, 1927, William J. Pietchke executed a bond and mortgage in the sum of $2,500 secured upon the above-mentioned premises. Apparently Pietchke conveyed the premises to Edward J. Griffin et ux., who on October 18, 1928, executed a second mortgage, secured upon said premises, to the Elite Building & Loan Association for the sum of $2,500. In 1931 the building association foreclosed the second mortgage and secured title to said premises by deed from the Sheriff of Montgomery County on April 6, 1931. On September 9, 1931, the building association acquired title by assignment to the first mortgage given by Pietchke.

On January 30, 1942, petitioner, as receiver of the building association, sold the premises, free and clear of encumbrances, to Hans Schwurenberg and Margaret, his wife, for the sum of $2,700, and now desires to release the same from the lien of the first mortgage, but the title company insuring the title for the purchaser demands that the mortgage be satisfied.

As we see it,. the only question now before us is whether petitioner should be allowed to release the premises from the lien of the Pietchke mortgage. We are not interested, at this time, in the effect that this release will have on the liability on Pietchke's bond. That question will arise when and if such liability is sought to be imposed; nor are we now concerned with the question of merger or whether the proceeds of the property should be applied to the Pietchke obligation.

We likewise refrain from any comment on the demand of the title company that the Pietchke mortgage be satisfied, except to say that we see no reason why petitioner should not be allowed to release all the real estate covered by the mortgage from the lien thereof. If the holder of a mortgage chooses to release all the land conveyed as security therefor, this land is free of the lien. True, this may not be the cleanest way of dis-

posing of the lien but, so far as the land is concerned, it is just as effective as a satisfaction of the mortgage.

Petitioner, pursuant to his duties as receiver, has sold the premises here in question for $2,700. No question has been raised as to the legality of the sale or the sufficiency of the purchase price. The receiver wishes now to complete the transaction by releasing the land sold from the lien of a mortgage held by him. We see no reason why he should not do it.

And now, September 21, 1943, the rule is made absolute, to the extent that authority is hereby given to William C. Freeman, Secretary of Banking, receiver of Elite Building & Loan Association, acting through his deputy, Elihu A. Greenhouse, to release premises, lots 760, 761, 762 Radcliffe Avenue, Abington Township, more fully described in the petition, from the lien of a mortgage given and executed by William J. Pietchke to the Philadelphia Company for Guaranteeing Mortgages, dated March 18, 1927, and recorded in mortgage book 1135, p. 208, being now the legal holder of said mortgage.